UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRENCE TIMONE BELL,

        Petitioner,

vs.                          Case No. 2:06-cv-29-FtM-29SPC
                               Case No. 2:03-cr-8-FtM-29

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner Terrence Timone Bell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #1), filed on January 12, 2006. The United States filed its Response (Doc. #8) on April 11, 2006. For the reasons set forth below, the motion is dismissed.

**I.**

Petitioner Terrence Timone Bell (petitioner or Bell) was indicted on January 22, 2003, and charged with one count of possession with intent to distribute five grams or more of cocaine base, crack cocaine. (Cr. Doc. #3.)[1] On June 9, 2003, petitioner plead guilty before a magistrate judge pursuant to a written Plea Agreement. (Cr. Docs. #41, 43.) On October 6, 2003, petitioner

---

[1] Docket numbers referring to the criminal case are cited as (Cr. Doc. #) And docket numbers referring to the civil case are cited as (Doc. #).

was sentenced to 188 months imprisonment, followed by five years of supervised release. (Cr. Doc. #49.)  Judgment was filed on October 7, 2003.  (Cr. Doc. #50.)

Petitioner filed a direct appeal (Cr. Doc. #51), and on April 29, 2004, the Eleventh Circuit Court of Appeals granted the government's motion to dismiss based upon the appeal waiver provision of petitioner's Plea Agreement.  (Cr. Doc. #59.) Petitioner did not file a petition for certiorari with the United States Supreme Court.

In his § 2255 motion, petitioner asserts that his sentence must be vacated in light of United States v. Booker, 543 U.S. 220 (2005).  The government responds that: (1) The § 2255 motion is untimely; (2) petitioner waived his right to collaterally attack his sentence; (3) Booker issues cannot be raised in a § 2255 motion; and (4) petitioner procedurally defaulted his Booker claims.

**II.**

**A.  Statute of Limitations**:

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on

which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

It is clear that petitioner's § 2255 motion was not filed within one year after his conviction became final.  "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, §2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003).  See also Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir.), cert. denied, 537 U.S. 875 (2002).  Since defendant did not file a petition for certiorari, his conviction thus became final on July 26, 2004, and he had until July 26, 2005 to file the § 2255 motion. Giving petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the §2255 motion filed on December 29, 2005, the date petitioner signed the motion while incarcerated.  Even so construed, the §2255 motion was filed approximately five months after the expiration of the statute of limitations as it relates to the Criminal Judgment.

The second event which may start the statute of limitations is "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed." 28 U.S.C. § 2255. Petitioner identifies no government-imposed impediment to filing his §2255 motion, much less makes a showing that the governmental action was unconstitutional. See Akins v. United States, 204 F.3d 1086, 1090-91 (11th Cir.), cert. denied, 531 U.S. 971 (2000).

As to the third event, the Eleventh Circuit summarized the required showing in Garcia v. United States, 278 F.3d 1210, 1212-13 (11th Cir.), cert. denied, 537 U.S. 895 (2002). Petitioner essentially asserts that he falls within the statutory tolling provision of § 2255 ¶6(3) because of the intervening decision in Booker. Under this provision, the Supreme Court must recognize the existence of a new right and that right must be made retroactive to cases on collateral review. The Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S. Ct. 312 (2005). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); United States v. Rodriguez, 406 F.3d 1261, 1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that Booker is retroactively applicable to collateral proceedings, . . . [and], it

is highly unlikely that any will."). Since petitioner's case became final prior to Booker, the motion is not timely under this provision.[2]

Finally, defendant has not established any basis to find that the limitations period was equitably tolled. Equitable tolling is appropriate when a motion is untimely filed because of extraordinary circumstances that are both beyond defendant's control and unavoidable even with diligence. Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002), cert. denied 538 U.S. 947 (2003). Defendant has not satisfied his burden in this case.

Because defendant did not file his motion within one year of any of the four events set forth in §2255, and has not shown any equitable reason to toll the limitations period, his motion is untimely and is therefore time-barred.

### B. Plea Agreement Waiver:

Alternatively, petitioner's Plea Agreement contains a valid waiver of appeal provision which includes a waiver of collateral challenges. It is well established that sentence-appeal waivers are valid if made knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005)(citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993), cert. denied, 513 U.S. 1051 (1994). Here, petitioner's Plea Agreement contained the following provision:

---

[2]Petitioner does not assert that the fourth event applies, and the Court finds no basis to consider it.

> The defendant understands and acknowledges that the defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Cr. Doc. #42, p. 9, ¶ 5.)  The magistrate judge who took the guilty plea highlighted this waiver provision as part of petitioner's plea colloquy, specifically questioned Garcia concerning the specifics of the sentence-appeal waiver, and determined that he knew about the waiver provision and had entered into the waiver agreement knowingly and voluntarily.  (Cr. Doc. #55, pp. 10-11.)  The Court finds, as did the Eleventh Circuit, that the appeal waiver was clearly knowing and voluntary under Bushert, 997 F.2d at 1350, and its progeny. Therefore, the appeal waiver is proper and effective.  United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).

Additionally, the waiver provision is broad enough to include the Booker issue.  United States v. Frye, 402 F.3d 1123, 1129 (11th

Cir.), cert. denied, 125 S. Ct. 2986 (2005); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005). Therefore, Booker issues were waived by petitioner in this case as well.

   **C.  Booker Retroactivity:**

As discussed above, the Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela, 400 F.3d at 867-68. Since petitioner's case became final prior to Booker, the issues cannot be raised in a § 2255 petition and the petition must be dismissed.

   **D.  Procedural Default:**

Alternatively, the Court agrees with the government that the Booker issue was procedurally defaulted. It is well settled that a motion under § 2255 is an extraordinary remedy and will not be allowed to substitute for a direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). This is because "[o]nce a defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). Generally a defendant must assert an available issue on direct appeal or be procedurally barred from raising the issue in a § 2255 proceeding. Mills, 36 F.3d at 1055;

Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989), cert. denied, 494 U.S. 1018 (1990). An issue is "available" on direct appeal when its merits can be reviewed without further factual development. Mills, 36 F.3d at 1055.

Where an issue which could have been raised on appeal is not pursued, it will not be considered in a § 2255 proceeding absent a showing of cause and actual prejudice from the errors of which she complains, or actual innocence. Bousley, 523 U.S. at 622; Frady, 456 U.S. at 167-68; Mills, 36 F.3d at 1055. Cause for a procedural default may be established if petitioner can show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule," or that her attorney's performance failed to meet the Strickland[3] standard for effective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997). To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. This means factual innocence, not mere legal insufficiency. Bousley, 523 U.S. at 623-24.

Additionally, issues to which petitioner could have objected in the trial court, but did not, will be procedurally barred from review on § 2255 motion unless she satisfies the cause and

---

[3]Strickland v. Washington, 466 U.S. 668 (1984).

prejudice or actual innocence standard. <u>Frady</u>, 456 U.S. at 167-69; <u>Harris v. United States</u>, 149 F.3d 1304 (11th Cir. 1998); <u>Greene</u>, 880 F.2d at 1305; <u>Martorana v. United States</u>, 873 F.2d 283, 285 (11th Cir. 1989); <u>Parks v. United States</u>, 832 F.2d 1244, 1245 (11th Cir. 1987). Thus a "double procedural default" occurs when a defendant neither objected in the trial court nor raised the issue on appeal. <u>Reece v. United States</u>, 119 F.3d at 1467 n.9. To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both cause excusing his double procedural default and actual prejudice resulting from the errors, or actual innocence. <u>Frady</u>, 456 U.S. at 167-68; <u>Reece</u>, 119 F.3d at 1467; <u>Harris</u>, 149 F.3d at 1307-08.

The issue was available at the time of petitioner's proceedings in the district court, but he failed to raise the issue and has not shown cause and prejudice or actual innocence.

**E. Other Jurisdictional Bases**:

Because petitioner is proceeding <u>pro se</u>, the Court must construe his request for post-conviction relief liberally, <u>United States v. Brown</u>, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by petitioner. <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11th Cir. 1990), <u>cert. denied</u>, 499 U.S. 979 (1991). The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal

Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no basis for authority to reduce or vacate the sentence in this case and no procedural mechanism to preserve an argument before it is recognized by the Supreme Court as retroactive. See Avila v. United States, Case No. 2:05-cv-266-FTM-29DNF, 2005 WL 3467670, *3-5 (M.D. Fla. Dec. 19, 2005).[4]

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person n Federal Custody (Doc. #1) is **DISMISSED**.

2. The Clerk shall enter judgment in the civil case accordingly, and close the file. The Clerk shall file a certified copy of the judgment in the associated criminal case.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of July, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of Record

---

[4]Slip Copy attached.